<pre>
 1              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3   CORDELLUS McMURTRY,            )
                                   )
 4                  Plaintiff,     )
                                   ) Case No. 18 CV 2176
 5   -vs-                          )
                                   ) Chicago, Illinois
 6   S. OBAISI, et al.,            ) January 29, 2020
                                   ) 9:04 a.m.
 7                  Defendants.    )

 8
                  TRANSCRIPT OF PROCEEDINGS - Status
 9          BEFORE THE HONORABLE STEVEN C. SEEGER

10   APPEARANCES:

11   For the Plaintiff:     MASSEY & GAIL
                            BY:  MS. GAIL A. NEIMANN
12                          50 East Washington Street
                            Suite 400
13                          Chicago, IL  60602

14
     For Defendant          CASSIDAY SCHADE LLP
15   Wexford Health         BY:  MR. BRETT RICHARD FURMANSKI
     Source Inc.:           222 West Adams Street
16                          Suite 2900
                            Chicago, IL  60606
17

18   For Defendants         ILLINOIS ATTORNEY GENERAL'S OFFICE
     Anna McBee and         BY:  MR. JOSEPH MOY
19   Randy Pfister:         100 West Randolph Street
                            Chicago, IL  60601
20

21

22   Court Reporter:        AMY M. SPEE, CSR, RPR, CRR
                            Federal Official Court Reporter
23                          United States District Court
                            219 South Dearborn Street, Room 2318A
24                          Chicago, Illinois  60604
                            Telephone:  (312) 818-6531
25                          amy_spee@ilnd.uscourts.gov
</pre>

1    (Proceedings heard in open court:)

2        THE CLERK:  18 CV 2176, McMurtry versus Obaisi.

3        MS. NIEMANN:  Judge, Mr. Furmanski, who represents

4    one of the defendants, had notified us yesterday that he had

5    an 8:45 appearance before another judge in the building, so he

6    may be late.

7        THE COURT:  That's fine.  We'll hold the case.

8        MS. NIEMANN:  Thank you.

9        THE COURT:  Thank you.

10    (The above-mentioned case was passed and was later

11    recalled as follows:)

12        THE CLERK:  Recalling 18 CV 2176, McMurtry versus

13    Obaisi, *et al.*

14        MS. NIEMANN:  Good morning, Judge.

15        Gail Niemann for the plaintiff, Mr. McMurtry.

16        THE COURT:  Good morning.

17        MR. MOY:  Good morning, Your Honor.

18        Joseph Moy, M-o-y, for the defense, Anna McBee and

19    Pfister.  I'm standing in for my colleague, Ms. Leung.

20        THE COURT:  Good morning.

21        MR. FURMANSKI:  Good morning, Your Honor.

22        Brett Furmanski on behalf of the Wexford defendants.

23        THE COURT:  Good morning.  Thank you for being here.

24        Since you were here last time, I saw that the

25    plaintiff filed the first amended complaint.  It was filed on

1    January 22nd, Docket No. 71.

2        I had not checked on service of process.  Did the

3    plaintiff add any new defendants?  And if so, have they been

4    served?

5        MS. NIEMANN:  He did add one new individual

6    defendant, yes.

7        THE COURT:  Okay.  Who was that?

8        MS. NIEMANN:  It's the last named defendant, Jason

9    Dunn.

10       THE COURT:  Jason Dunn.  Okay.  Has Jason Dunn been

11   served or is that in the works?

12       MS. NIEMANN:  I don't believe he has been served.

13       THE COURT:  Okay.  What's the plan on that?

14       MS. NIEMANN:  So, you know, I have conferred with

15   Mr. McMurtry several times over the last couple of weeks

16   pursuant to your January 6th order and have advised him that I

17   anticipated filing this renewed motion for relief from the

18   assignment and also emphasized to him the pending deadline for

19   any amended complaints, which is this Friday, I think.

20       THE COURT:  I took that to be this, actually.

21       MS. NIEMANN:  Pardon me?

22       THE COURT:  And I'm sorry to interrupt you.  I took

23   his first amended complaint filed on January 22nd to be his

24   attempt to meet my January 31st deadline?

25       MS. NIEMANN:  Exactly.  I'm sorry.  That's what I was

1  trying to say.

2      THE COURT:  In other words, I don't expect another

3  complaint.  Do you?

4      MS. NIEMANN:  No.  I think that he intends this to be

5  his amended complaint.

6      THE COURT:  Me, too, yeah.

7      MS. NIEMANN:  But this is his amended complaint, not

8  drafted by me.

9      THE COURT:  Correct.  I took it that way.

10     MS. NIEMANN:  Okay.

11     THE COURT:  All right.  So Defendant Dunn does need

12  to be served with process.

13     Have you sent a waiver of service of process form to

14  Mr. Dunn or his counsel?

15     MS. NIEMANN:  I have not.

16     THE COURT:  Okay.  Do either of you represent

17  Mr. Dunn?

18     MR. FURMANSKI:  At this point, I don't know who

19  Mr. Dunn is.  I'd have to investigate whether he is a Wexford

20  employee or IDOC.

21     MR. MOY:  The same area.  I don't know.

22     THE COURT:  Okay.  Let's figure that out.  I would

23  like plaintiff's counsel to send a waiver of service of

24  process form to defense counsel.

25     You may not represent them.  I don't know who he is

1  either.

2      MS. NIEMANN:  I can tell you he works -- or he works

3  at Stateville, but I know that that doesn't necessarily

4  resolve the question of whether he's a Wexford employee or a

5  State of Illinois employee.

6      THE COURT:  Got it.  Okay.

7      So I'd like you to go ahead and submit the waiver of

8  service of process form to defense counsel.  I don't know if

9  you represent him.  I don't know if you do represent him, if

10  he's willing to waive.  Okay?  But I'd like you to at least

11  try, and I'd like you to at least ask.

12      And if you -- if you get him a waiver of service,

13  great.  If not, serve him the old-fashioned way, just get a

14  process server and go ahead and serve him.

15      MR. FURMANSKI:  Your Honor, I do have a question

16  about the amended complaint.

17      THE COURT:  Yes.

18      MR. FURMANSKI:  Some cases, I see when an inmate

19  files, you know, without, I guess, their attorney filing it, a

20  handwritten complaint, even if it's amended, they'll do

21  another merit review.

22      I don't know in this case whether another merit

23  review is going to be conducted with this complaint.  We may

24  consider filing a motion to dismiss.  So we're just not sure

25  whether to wait on the Court, whether you're going to do a

1  merit review or not.

2          THE COURT:  So that's a good question.  I, frankly,

3  was not sure about that either.  If I expect there to be a

4  merit review, I will put something on the docket that says the

5  Court is going to independently do a merit review.  Okay.  And

6  that may -- may or may -- you should assume that I will not --

7          MR. FURMANSKI:  Okay.

8          THE COURT:  -- unless I file a notice that says that

9  I will.

10          MR. FURMANSKI:  Got it.

11          THE COURT:  Okay.  So you should assume it's the

12  operative complaint going forward.

13          So the motion to withdraw, I absolutely remember the

14  last hearing, and I took it that -- there was a dialogue about

15  what was appropriate to include in the first amended

16  complaint, that maybe counsel and her client had a difference

17  of opinion about what was appropriate.

18          He went ahead and filed the first amended complaint,

19  it looks to me, on his own, under his own signature without

20  you signing off on it.  Is that basically correct?

21          MS. NIEMANN:  That's right.

22          THE COURT:  Okay.  Here's what I will say:  There may

23  come a time when you need to get out because of your ethical

24  obligations.  I don't think we're there yet.  Okay.  I don't

25  think we're there yet.

1            I want you to -- it's important for individuals such

2   as Mr. McMurtry to have counsel unless he can't have counsel.

3   And so I'm not going to let you out yet.  Okay.

4            You're grimacing and wincing --

5            MS. NIEMANN:  I'm just trying to --

6            THE COURT:  -- and making all sorts --

7            MS. NIEMANN:  -- consider --

8            THE COURT:  -- of facial distortions at me.

9            Go ahead.

10           MS. NIEMANN:  Yeah, I mean, I'm just trying to --

11  yeah, I need a little time to think through my ethical

12  obligations and this kind of odd thing of helping him

13  pursue -- prosecute a claim on a complaint that only he has

14  filed.

15           THE COURT:  Well, I have that all the time, where a

16  prisoner will file a complaint on his own and later a lawyer

17  is appointed.

18           MS. NIEMANN:  For settlement purposes or to --

19           THE COURT:  No.

20           MS. NIEMANN:  No.

21           THE COURT:  I mean, I have that left, right, up, and

22  down.  It's not unusual.

23           MS. NIEMANN:  Okay.

24           THE COURT:  If you think there is something in here

25  that you think does not satisfy the Rule 11 standard, then you

1  need to have that dialogue with your client.  And I may

2  revisit that at an appropriate time, but where things are

3  right now, we've got a plaintiff who is a prisoner who is

4  claiming that there is a medical-related issue.

5      I try to make sure people like that get counsel,

6  unless they really have surrendered the privilege of getting

7  appointed counsel.  Okay.

8      I took it from your pleading -- excuse me -- from

9  your motion that there was a difference of opinion about the

10 merits of certain allegations.  That's how I read it.  You can

11 tell me if that's wrong.  But he's alleging something that you

12 might view a little differently than him.  Is that fair to

13 say?

14     MS. NIEMANN:  Yes.  And I would say that -- I would

15 characterize it as saying I don't dispute the factual

16 allegations that he has made, but I have to evaluate them from

17 a legal perspective as well, and that's where he and I have a

18 difference of opinion.

19     THE COURT:  There may come a time when you have to

20 withdraw.  "Have to" is probably the wrong phrase.

21     There may come a time when you have a better argument

22 to withdraw than you do today; but as things stand right now,

23 there is a complaint on file filed by a prisoner in his own

24 capacity that you have not personally vouched for.  That's how

25 procedurally we are today.  You are not personally responsible

1    for this complaint because your client did it *sua sponte* on

2    his own without your blessing.  So I don't -- I won't hold you

3    professionally responsible for the contents of that complaint.

4            Does that make sense?

5            MS. NIEMANN:  Yes.

6            THE COURT:  Does that help?

7            MS. NIEMANN:  Yes, I think so.  I -- as I say, I just

8    kind of need a little time to get my mind around this, wrap my

9    mind around this.

10           THE COURT:  You know, this is a -- you know, it's a

11   privilege to be in the building for all of us every day.  And,

12   you know, being a member of the trial bar, *pro bono* is just

13   one of those things that people have got to do.

14           I know you've done *pro bono* work before, and I don't

15   take your motion as an unwillingness to do *pro bono*, but I

16   would like this individual to have counsel unless things have

17   gotten difficult enough that that's just really not an option

18   anymore.  I understand that you're not having --

19           MS. NIEMANN:  It isn't difficult.  And I want to tell

20   you, as recently as yesterday afternoon, I served discovery --

21   in my mind, I was thinking of on behalf of Mr. McMurtry -- to,

22   you know, helping him advance his claims and get the

23   information that he needs.

24           THE COURT:  Right.  So I -- if down the road there

25   comes a time when you have just -- you're in a difficult spot

1  ethically, file a motion, file a motion for a status

2  conference or whatnot and come in and talk to me.  Okay.  We

3  could even have an *ex parte* conversation between you and me

4  and Mr. McMurtry with advance notice to the other side, if

5  need be.  Okay.  But I just think we're not there yet in terms

6  of having you withdraw.  Okay?

7          MS. NIEMANN:  Okay.

8          THE COURT:  Is there anything else that we've got to

9  discuss today?

10          MS. NIEMANN:  You've scheduled a status, I think, for

11  February 10th and have directed that the defendants make

12  Mr. McMurtry available by phone.

13          THE COURT:  Right.  Do we still -- is there any

14  reason to still do that, that hearing?

15          MR. FURMANSKI:  I actually am going to be out of

16  town.  I know that might not be excused because I could find

17  coverage, but --

18          THE COURT:  I hear that.  The question was whether we

19  need the hearing at all at this point.

20          MS. NIEMANN:  I mean, it would seem to me that

21  perhaps we don't, that we'll need to serve through the service

22  issue, and then responsive pleadings to the complaint.

23          THE COURT:  Right.  So I'm going to vacate the

24  February 10th date.

25          Why don't you come back in April.  We'll get you a

1  date in the first half of April.

2       THE CLERK:  April 14th, 9:30.

3       THE COURT:  Do you want to set a schedule for the

4  response to the motion -- are you going to file another motion

5  to dismiss, do you think?

6       MR. FURMANSKI:  I'm sorry?

7       THE COURT:  Do you expect you're going to file a

8  motion to dismiss?  How are you going to respond to the

9  complaint?

10      MR. FURMANSKI:  I still have to evaluate it, but

11 since -- as far as the Wexford defendants, I don't know if

12 Mr. Dunn is Wexford at this point; but as far as Dr. Obaisi

13 and Wexford, I mean, I --

14      THE COURT:  Got it.

15      MR. FURMANSKI:  -- assume allegations are very

16 different, so --

17      THE COURT:  I won't set a schedule on that.  You'll

18 just follow --

19      MR. FURMANSKI:  Right.

20      THE COURT:  -- the federal rules.

21      MR. FURMANSKI:  That's fine.

22      THE COURT:  Okay?  Is there anything else we've got

23 to cover today?

24      MR. FURMANSKI:  Not from Wexford.

25      MR. MOY:  No, Your Honor.

1          THE COURT:  Plaintiff's counsel?

2          MS. NIEMANN:  I don't think there's anything further.

3          THE COURT:  All right.  Thank you for your continued

4  service.

5          MS. NIEMANN:  Thank you.

6          THE COURT:  Thank you.

7          MS. NIEMANN:  You know, I was going to note for you,

8  I volunteer also at the Hibbler help desk.

9          THE COURT:  See, I --

10         MS. NIEMANN:  And just to appreciate that they're

11  45-minute appointments, and to digest a plaintiff's story and

12  analyze a motion to dismiss and discuss settlement is a lot to

13  accomplish --

14         THE COURT:  It's a lot.

15         MS. NIEMANN:  -- in 45 minutes.

16         THE COURT:  I know, but --

17         MS. NIEMANN:  And the appointments, unfortunately,

18  are very difficult for -- they're difficult for plaintiffs to

19  come by.

20         THE COURT:  Yeah.

21         MS. NIEMANN:  There are some shortage of them.

22         THE COURT:  It's too bad there aren't more resources.

23  Maybe that's my retirement option.  Maybe I'll throw my hat in

24  the ring down the line.

25         MS. NIEMANN:  Well, I think this change in the rule

1  that you can kind of satisfy your trial bar obligations I

2  think by volunteering there for a year has boosted the number

3  of volunteers.

4  　　　　THE COURT:  I think that's right.  It's really

5  important, though.  I mean, you know, I did not see this as

6  much when I was a member of the bar, but I see it here every

7  day.  There are just people out there --

8  　　　　MS. NIEMANN:  Yeah.

9  　　　　THE COURT:  -- that just need a lawyer.

10  　　　　MS. NIEMANN:  No, it's a very professionally

11  rewarding experience to do these --

12  　　　　THE COURT:  Yeah, well, thank you.

13  　　　　MS. NIEMANN:  -- because plaintiffs are very sincere.

14  　　　　THE COURT:  And thank you for doing that, and thank

15  you for your service on this case.  I know that it's --

16  　　　　MS. NIEMANN:  Of course.

17  　　　　THE COURT:  -- maybe not completely what you expected

18  this morning, but take it as a compliment that you're still on

19  this case.  Okay.

20  　　　　MS. NIEMANN:  Sounds good.

21  　　　　THE COURT:  Thank you so much.  Take care.

22  　　　　MR. FURMANSKI:  Thank you, Your Honor.

23  　　(Which were all the proceedings heard.)

24

25

```
1                        *   *   *   *   *   *

2                          CERTIFICATE

3         I certify that the foregoing is a correct transcript from

4    the record of proceedings in the above-entitled matter.

5

6    /s/ Amy Spee                      2/28/2020

7    Amy Spee, CSR, RPR, CRR               Date
     Official Court Reporter
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```